DECISION
A case management conference was held on December 8, 2009. Steven C. Sterry (Sterry) represented Plaintiff. David Lilley, Deputy Tax Collector, appeared for Defendant. At the request of the parties, the decision will be based on the written submissions and arguments advanced at the conference. The record closed February 22, 2010.
At issue is Plaintiff's request for a refund of amounts charged for the late payment of real property taxes and certain foreclosure fees for four tax years 2005-06 through 2008-09.
 I. STATEMENT OF FACTS
Sterry resides in Whittier, California. The subject property is located at 63193 Logan Avenue in Bend, Oregon. (Ptf's Compl at 3.) Beginning with the 2005-06 tax year, Defendant mailed the property tax statement to the address of record: PO Box 204, Bend, Oregon. (Def's Answer at 2, 3.) That latter address was the address of record contained in the assessor's office and on the tax roll. The statements were not forwarded nor ever received by Plaintiff.
Sterry stated he did not learn that the tax statements had been mailed to a different address until much later, in August of 2009. The real property taxes due for these interim years went unpaid. As a result, Defendant charged interest of $3,245.16 on the unpaid balance and *Page 2 
$676.65 in foreclosure fees. (Ptf's Compl at 3, 7.) Plaintiff seeks a refund of those sums. Sterry states that, had he received a timely tax bill, he would have made payment immediately, thus saving those additional charges. Sterry admits he did not submit an official change of address request to Defendant until 2009.
 II. ANALYSIS
Defendant committed no error in addressing the annual tax statement envelope. The address of record is the only one to be utilized. Without official notice from a taxpayer, there is no way for Defendant to officially make a change in its records.
The statutes are clear. The failure of a taxpayer to receive a tax statement does not invalidate the tax amount due. ORS 311.250(2).[1] It is presumed that every citizen knows that his land is taxable, that it will be assessed and taxed in due course, and that it is his duty to pay taxes timely. Hood River County v. Dabney, 246 Or 14, 28, 423 P2d 954
(1967).
As to the interest charges, ORS 311.555 provides that every person owning taxable property within the state "shall keep the tax collector of the county where such real or personal property is situated informed of the true and correct address of the person." ORS 311.560 requires the tax collector to note on the tax roll the address furnished under ORS 311.555. Here, Plaintiff did not provide its most current address. As a direct result, the forecloseure fees were rightfully calculated and charged to Plaintiff.
 III. CONCLUSION
The annual tax payments were made past the November 15 deadline for each of these four tax years. That qualifies them as late, which in turn forfeits any discount for early payment. *Page 3 
There are no exceptions or extensions that apply. Plaintiff is not entitled to a refund of interest paid as Defendant utilized the address on the tax roll. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on March 4,2010. The Court filed and entered this document on March 4, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1